# IN THE COURT OF APPEALS OF IOWA

No. 19-1588
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY DEAN MOUSTY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, John M. Wright,

Judge.


        Cody Mousty appeals following his guilty plea to forgery.   **APPEAL**

**DISMISSED.**


        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Cody Mousty pled guilty to forgery. *See* Iowa Code §§ 715A.2(1)(b), 715A.2(1)(c), 715A.2(2)(a)(3) (2019). The district court accepted the plea and sentenced him to a prison term not exceeding five years. The order imposing judgment and sentence was filed on August 23, 2019, after the effective date of amendments to certain criminal statutes. *See id.* §§ 814.6, 814.7.

Mousty appealed, raising two ineffective-assistance-of-counsel claims. The State moved to dismiss the appeal, asserting "the Court lacks jurisdiction to review direct appeals of a guilty plea" and "even if the Court had jurisdiction, the Court lacks authority to decide ineffective-assistance claims, which are the sole basis on which the defendant seeks relief." Mousty did not resist the State's motion. The supreme court ordered the motion submitted with the appeal.

Iowa Code section 814.6(1)(a)(3) as amended states:

> 1. Right of appeal is granted the defendant from:
>     a. A final judgment of sentence, except in the following cases:
>         . . . .
>         (3) A conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class "A" felony or in a case where the defendant establishes good cause.

Iowa Code section 814.7 as amended states:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Mousty pled guilty to a crime other than a class "A" felony and did not establish good cause for considering the appeal under section 814.6(1)(a)(3). He

solely raised ineffective-assistance-of-counsel claims, which cannot be decided on direct appeal, pursuant to section 814.7. *See State v. Swift*, ___ N.W.2d ___, ___ 2021 WL 833555, at *3 (Iowa 2021) ("Senate File 589 amended Iowa Code section 814.7 to disallow resolution of ineffective-assistance-of-counsel claims on direct appeal."); *accord State v. Armsted*, No. 19-1883, 2021 WL 1016575, at *4, n.4 (Iowa Ct. App. Mar. 17, 2021) (noting the defendant "was sentenced in November 2019; so section 814.7 applies"); *State v. Montgomery*, No. 19-1613, 2021 WL 596107, at *7 (Iowa Ct. App. Feb. 3, 2021) ("Disposition was not entered in [the defendant's] case until September 2019. So Iowa Code section 814.7 (Supp. 2019), which took effect on July 1, 2019, controls." (citations omitted)). Accordingly, we dismiss Mousty's appeal.

**APPEAL DISMISSED.**